# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON BAPTISTE, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KS INDUSTRIES, LP, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 1:18-cv-00016 AWI JLT <br><br> ORDER AFTER INFORMAL TELEPHONIC CONFERENCE RE DISCOVERY DISPUTE |

The Court held an informal telephonic conference regarding a brewing discovery dispute. (Doc. 32) At issue were the plaintiffs' responses to requests made under Fed.R.Civ.P. 34. At the conference, it became clear that the plaintiffs have not produced all responsive documents within their control; rather, they have responded as to responsive documents in their possession. This is inadequate.

On the other hand, it was equally clear that many of the production requests were quite overbroad, required the plaintiffs to guess at their meanings and duplicated many of the requests over and over.[1] In addition, the Court learned that the depositions have been taken of four of the five plaintiffs but neither attorney appearing at the informal conference were aware of the questions

---

[1] Seemingly, the defense believes the production request serves as a contention interrogatory. For example, the defense argued that if a production request seeks documents for a category of damages the plaintiff is not claiming, the plaintiff is obligated to point this out. Fed.R.Civ.P.34(b)(2) does not require this. Moreover, the plaintiffs should have identified their categories of damages in their Rule 26 disclosure, which makes the current uncertainty a mystery.

1

asked of the plaintiffs related to the production requests or whether the testimony resolved any of the outstanding disputes. Finally, the Court learned that the document production sought in conjunction with deposition notices for two of the plaintiffs, were not served timely, despite that the Court had been told that enforcement of these production requests was at issue at the informal conference.

Based upon this information, it was apparent to the Court that the dispute was not ripe for resolution. Rather, the defense counsel sought the conference *only* because she believed the deadline for filing non-dipositive motions was imminent and not because counsel had exhausted meet-and-confer efforts. Not only is an impending deadline not a basis for failing to exhaust meet-and-confer efforts as required in the scheduling order (Doc. 19 at 6), the Court notes that the deadline for filing non-dispositive motions expires on February 15, 2019[2] and not on October 27, 2018. In any event, the Court **ORDERS**:

1. The plaintiffs **SHALL** ensure that they have produced all responsive documents within their **control** and either provide an amended response or a statement that no amended response is necessary so it is received by defense counsel **no later than November 2, 2018**;

2. If the amended response or the statement that no amended response is necessary does not resolve the dispute, **no later than November 6, 2018**, defense counsel **SHALL** contact the Court to set a further informal telephonic conference;

3. Counsel **SHALL** review the deposition testimony of the plaintiffs to determine whether it has resolved or clarified production topics at issue;

4. Counsel **SHALL** meet their ongoing obligation to meet-and-confer to attempt to resolve the dispute. To the extent that the disputes can be resolved through the defense clarifying the meaning of the requests, this **SHALL** be provided in writing.

IT IS SO ORDERED.

Dated: __October 24, 2018__     _____/s/ Jennifer L. Thurston__
                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The Court accepted the representation of defense counsel (stated at the conference and in email correspondence to the Court seeking the conference), that the deadline to file "discovery motions," was October 26, 2018. After the conference, the Court realized this was not correct (Doc. 19).

2