1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   AARON BAPTISTE, et al.                    ) Case No.: 1:18-cv-0016 AWI JLT
                                               )
12                    Plaintiffs,              ) ORDER TO SHOW CAUSE WHY SANCTIONS
                                               ) SHOULD NOT BE IMPOSED FOR FAILURE TO
13        v.                                   ) COMPLY WITH THE COURT'S ORDER
                                               )
14   KS INDUSTRIES, LP, et al.,                )
                                               )
15                    Defendants.              )
                                               )
16   _____

17         On February 14, 2019, the parties informed the Court that "all claims have been settled in

18   principle" in this action, and they anticipated dismissal documents being filed by March 15, 2019.

19   (Doc. 43 at 1)  Based upon the notice of settlement, the Court ordered the parties to file a stipulation to

20   dismiss "**no later than March 22, 2019**."  (Doc. 44 at 1, emphasis in original) The Court advised the

21   parties that the failure to comply with the order may result in sanctions.  (*Id.*) To date, the parties have

22   failed to comply with or otherwise respond to the Court's order.

23         The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

24   party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

25   and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have

26   inherent power to control their dockets," and in exercising that power, a court may impose sanctions

27   including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

28   (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

                                               1

it or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, the parties are **ORDERED** to show cause within 14 days of the date of service of this order why <u>terminating or monetary sanctions</u> should not be imposed for their failure to comply with the Court's order or to file a stipulated request for dismissal.


IT IS SO ORDERED.

    Dated:   **March 25, 2019**               **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE